UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------- x
                                                              :
                                                              :
UNITED STATES OF AMERICA,                                     :  **ORDER DENYING**
                                                              :  **RENEWED MOTION FOR**
        Respondent,   :  **RELIEF FROM JUDGMENT**
                                                              :
 -against-                                               :  05 Civ. 3228 (AKH)
                                                              :
EDUARDO RODRIGUEZ,                                            :
                                                              :
        Petitioner.   :
                                                              :
------------------------------------------------------------- x

ALVIN K. HELLERSTEIN, U.S.D.J.:

    Petitioner Eduardo Rodriguez, proceeding *pro se*, moves pursuant to Rules 60(b)(4) and 60(b)(6) of the Federal Rules of Civil Procedure for relief from this Court's order denying his petition for a writ of habeas corpus. Petitioner claims that the denial of his petition violated his due process rights. For the reasons stated below, Petitioner's motion is denied.

    In December 2001, a jury found Petitioner guilty of conspiracy to possess with intent to distribute one kilogram or more of heroin. Petitioner was sentenced to a determinate prison term of 151 months. He appealed the conviction and the sentence, and the Court of Appeals affirmed both.

    In 2005, Petitioner moved pursuant to 28 U.S.C. § 2255 to vacate, set aside, or correct his sentence. Petitioner asserted four grounds for relief. Most relevant for the instant motion was Petitioner's contention that the admission of certain portions of a co-conspirator's allocution, used to establish the conspiracy charges against Petitioner, violated Petitioner's Sixth Amendment right of confrontation. I denied the petition, and rejected Petitioner's arguments since he unsuccessfully presented the same claims on direct appeal. Petitioner waited ten months

to appeal the denial of his habeas petition, and the Court of Appeals denied the appeal as untimely.  Petitioner subsequently filed, and I denied, three motions for reconsideration.

In January 2010, Petitioner moved under Rule 60(b)(4) to set aside his conviction on the grounds that this Court lacked jurisdiction to issue the judgment of conviction "based on an amount of heroin not contained in the indictment, nor pleaded and proven to a jury, and not admitted by Petitioner."  Despite filing an appeal, a habeas petition, and three motions for reconsideration, Petitioner waited 96 months from the date of his conviction to file his Rule 60(b)(4) motion.  I held that this delay was not reasonable and denied the motion.  I also held that if his Rule 60 motion were more properly considered a habeas petition, then it would be denied as a "successive" petition filed without leave from the Court of Appeals.  28 U.S.C. § 2244(b)(2).

In the instant motion, Petitioner relies on Rule 60(b)(4) (permitting "the court [to] relieve a party . . . from a final judgment, order, or proceeding . . . [if] the judgment is void") and Rule 60(b)(6) (permitting "the court [to] relieve a party . . . from a final judgment, order, or proceeding . . . [for] any other reason that justifies relief).  Citing Melendez-Diaz v. Massachusetts, 129 S. Ct. 2527 (2009), Petitioner claims that the order denying his habeas petition and the subsequent denials of his motions for reconsideration were rendered in a manner inconsistent with due process of law.[1]  As he did on direct appeal, in his habeas petition, and in his motions for reconsideration, Petitioner contends that the admission of certain statement from

---

[1]   Petitioner's reliance on Melendez-Diaz v. Massachusetts is misplaced.  Melendez-Diaz does not articulate a change in the law that would undermine the denial of his habeas petition or his subsequent motions for reconsideration.  Though Melendez-Diaz involves a defendant's Sixth Amendment right of confrontation, see 129 S. Ct. 2530-32, it does not implicate Petitioner's claim that admitting certain portions of a co-conspirator's allocution violates a defendant's right of confrontation.

2

his co-conspirator's allocution to establish the conspiracy violated his Sixth Amendment right of confrontation.

Motions under Rule 60(b)(4) or 60(b)(6) must be filed within a "reasonable time" after entry of the judgment that is the subject of the motion. Fed. R. Civ. P. 60(c)(1). For the reasons stated in the order denying Petitioner's previous Rule 60 motion, Petitioner's instant motion is denied as untimely since it was not filed within a "reasonable time" after judgment was entered. See Order Denying Motion for Relief from Judgment, United States v. Rodriguez, 05 Civ. 3228 (AKH) (Jan. 25, 2010) (Doc. No. 9).

For the reasons stated, Petitioner's motion is denied. Since Petitioner has not made a substantial showing of the denial of a constitutional right, I decline to issue a certificate of appealability. 28 U.S.C. § 2253(c)(2); Rhagi v. Artuz, 309 F.3d 103, 106 (2d Cir. 2002).

The Clerk shall mark the motion (Doc. No. 14) terminated and the case closed.

SO ORDERED.

Dated:   June 29, 2010
         New York, New York

                                        _____
                                        ALVIN K. HELLERSTEIN
                                        United States District Judge